MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone:   (702)   792-3773
ferrariom@gtlaw.com
hicksja@gtlaw.com

*Counsel for the Holman Parties*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PIONEER FUNDING GROUP III, LLC, a New York domestic limited liability company, and PIONEER FUNDING GROUP IV, LLC, a New York domestic limited liability company,<br><br>Appellants<br><br>v.<br><br>ROYAL ESSEX LLC; ROYAL UNION PROPERTIES LLC; MARLON STEELE, JR.; FURTHER SOUTH LLC; JERI COPPA-KNUDSON; GEORGE F. HOLMAN; MARTHA JANE HOLMAN,<br><br>Appellees. | **Case No.: 3:24-cv-00440-MMD**<br><br>(c/w Case No. 3:24-cv-00470-MMD, Case No. 3:24-cv-00471-MMD, Case No. 3:24-cv-00472-MMD, Case No. 3:24-cv-00473-MMD**)** |
| In re:<br><br>ESSEX REAL ESTATE PARTNERS, LLC,<br><br>Debtor | Case No. BK-S-19-51486-gs<br><br>Chapter 11 |
| PIONEER FUNDING GROUP III, LLC, a New York Domestic Limited Liability Company; PIONEER FUNDING GROUP IV, LLC, a New York Domestic Limited Liability Company; and FURTHER SOUTH, LLC, a Nevada Domestic Limited Liability Company,<br><br>Plaintiffs, | Adv. No. 21-5041-gs |

|   |   |
|---|---|
| v.<br><br>ESSEX REAL ESTATE PARTNERS, LLC, a Nevada Domestic Limited Liability Company, et al.,<br><br>Defendants.<br><br>AND ALL RELATED MATTERS | **ORDER REGARDING BRIEFING SCHEDULE** |

The Court, having considered the Joint Status Report Regarding Proposed Consolidated Briefing Schedule [ECF. No. 19] (the "Status Report") and the competing orders submitted by the Parties; having taken judicial notice that Further South, LLC ("Further South") has appealed [Bankr. ECF No. 762] certain orders of the Bankruptcy Court (the "Further South Appeals") to this Court; having determined the Further South Appeals are appropriate for consolidation with this Appeal and intending to enter a separate order thereon; having determined that a consolidated briefing schedule in this Appeal is in the interest of judicial economy; and other good cause appearing therefor, HEREBY ORDERS as follows:

1. By default, the briefing deadlines set forth in the Bankruptcy Rules would govern the briefing schedule in these Appeals, including all Further South Appeals consolidated herewith.

2. The starting date for the calculation of all briefing deadlines, pursuant to this Order and Bankruptcy Rules 8016 and 8018, will be the date on which the Bankruptcy Court files a notice that the bankruptcy record is complete or available electronically with respect to the Further South Appeals (the "Briefing Trigger Date").

3. That said, under Bankruptcy Rule 8016(e), among other legal authority, the Court maintains discretion to alter these deadlines. *E.g.,* Fed. R. Bankr. P. 8016(e) (noting that "[b]riefs must be served and filed as follows, unless the district court or BAP by order in a particular case excuses the filing of briefs or sets different time limits . . .").

4. Exercising this discretion, the briefing deadlines in this consolidated case are modified and set as follows:

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

a. **Opening Briefs**. The deadline for all appellants to file their opening briefs is 60 days after the Briefing Trigger Date. All opening briefs must be filed on the due date. Each party or group of parties who are appealing an order shall separately file a single combined opening brief, per party or group of parties.

b. **Answering Briefs**. The deadline for all appellees to file their answering briefs is 60 days after the opening brief deadline. All answering briefs must be filed on the due date and shall be limited to addressing issues raised in the opening briefs. Each party or group of parties against whom relief is sought on appeal shall separately file a single combined answering brief, per party or group of parties.

c. **Reply Briefs**. The deadline to file any reply brief is 30 days after answering brief deadline. All reply briefs must be filed on the due date. Each party or group of parties is entitled to file a single combined reply brief.

5. Except otherwise addressed by this Order, the form and content of briefs, addenda, and other materials must comply with the Bankruptcy Rules, including as modified for cross-appeals under Bankruptcy Rule 8016. That said, the Court here finds that the page and type volume limitations fixed by Bankruptcy Rules 8014 and 8016 shall be doubled given the combined briefing.

6. The foregoing briefing deadlines are without prejudice to any party's right to request an extension of the foregoing deadlines from the Court, for cause, and subject to the rights of any other party to object to the same. Such a stipulation or motion shall be brought two weeks before the applicable deadline, and the parties are advised the any such extension will operate to extend every party's briefing deadline. Absent a stipulation, any such motion will toll the above briefing deadlines until resolved by the Court. If the Court denies such a motion, all briefs subject to the applicable briefing deadline shall be due seven days later. That said, by stipulation agreed to by all Parties, the Court signifies its intent to approve agreed-upon extensions.

IT IS SO ORDERED.

DATED this 7th day of February 2025.

_____
Miranda M. Du, U.S. District Judge